

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARVIN MARTIN #97328** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-0148** |
| **WARDEN BARON KAYLO** | **SECTION "A"(1)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Section 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)), or, the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and, the facts underlying the claim show by clear and convincing evidence that but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

1

DATE OF MAILING _____ JUL 2 5 2000

DATE OF ENTRY JUL 2 5 2000



Petitioner, Marvin Martin, is an inmate incarcerated at the Avoyelles Correctional Center, in Cottonport, Louisiana. On March 6, 1991, petitioner, after a trial by jury, was found guilty of simple burglary of an inhabited dwelling in violation of La.Rev.Stat.Ann. § 14:62.2 (West 2000).[2] On March 15, 1991, petitioner was sentenced to twelve (12) years at hard labor without benefit of parole, with credit for time served.[3] On March 22, 1991, the state filed a multiple offender bill of information charging petitioner with being a fifth felony offender in accordance with La. R.S. 15:529.1. (West 2000).[4] On July 1, 1991, after a hearing, the trial court found the petitioner to be a fourth felony offender, vacated the original sentence and sentenced the petitioner to serve twenty (20) years at hard labor without the benefit of parole, but with credit for time served.[5]

Petitioner appealed his conviction and sentence to the Louisiana Fourth Circuit Court of Appeal. On May 12, 1992, petitioner's conviction was affirmed, but his sentence was reversed and remanded to the trial court.[6] On June 25, 1992, the state filed a second multiple offender bill of information charging petitioner as a fourth felony offender.[7] On August 4, 1992, the trial court found petitioner to be a fourth felony offender after the admission of a 1989 plea colloquy transcript.[8] The previous sentence was vacated and petitioner was sentenced to serve twenty (20)

---

[2] State Supp. Rec., Vol. I.

[3] State Supp. Rec., Vol. I.

[4] State Supp. Rec., Vol. I.

[5] State Supp. Rec., Vol. I.

[6] State v. Martin, 599 So.2d 422 (La. App. 4th Cir. 1992).

[7] State Supp. Rec., Vol. I.

[8] State Supp. Rec., Vol. I.

years at hard labor with credit for time served.[9] Petitioner did not file a direct appeal of this sentence within the five (5) day period provided by Louisiana law.[10]

Petitioner filed many requests for production of the multiple offender hearing and sentencing transcripts with the trial court. The last such motion was denied on September 13, 1995.[11] The petitioner applied for supervisory and/or remedial writs to the Louisiana Fourth Circuit Court if Appeal. The Louisiana Fourth Circuit denied petitioner's application on November 14, 1995.[12] On December 7, 1995, petitioner applied for supervisory and/or remedial writs to the Louisiana Supreme Court.[13] The writ was denied on September 18, 1996.[14]

On April 7, 1998, petitioner's motion to correct an illegal sentence was filed in the trial court. On the same date, the trial court denied petitioner's motion.[15] Petitioner filed a motion for production of documents which was denied by the trial court on May 15, 1998.[16] On February 19, 1999, petitioner filed simultaneously in both the trial court and the Louisiana Fourth Circuit a motion

---

[9] State Supp. Rec., Vol. I, Minute entry 8/4/92.

[10] Pursuant to the provisions of La. C.Cr.P. Art. 914(B)(1) (West 1992), petitioner had five days to notice his intent to appeal his conviction or sentence.

[11] State Supp. Rec., Vol. I.

[12] State Rec., Vol. I of I.

[13] State Rec., Vol, I. The petitioner failed to date this application. However, the Louisiana Supreme Court marked it filed on December 7, 1995.

[14] State ex rel. Martin v. State, 679 So.2d 406 (La. 1996); State Rec., Vol I.

[15] State Supp. Rec., Vol. I., Minute entry 4/7/98.

[16] State Supp. Rec., Vol. I, Minute entry 5/15/98. In the state supplemental record there is a motion for the production of documents dated by petitioner on October 4, 1996. The state court record is not clear if this is the motion ruled on by the trial court on May 15, 1998.

for the production of documents. On March 15, 1999, the trial court denied petitioner's motion finding it to be untimely and meritless.[17] On April 5, 1999, petitioner filed a writ of *habeas corpus* with the Louisiana Supreme Court asking the court to direct the Louisiana Fourth Circuit Court of Appeal to rule on his motion for the production of documents.[18] On October 8, 1999, the Louisiana Supreme Court denied petitioner's writ finding the delay insufficient to interfere "in the decision making process of the court of appeal."[19] On April 12, 1999, the Louisiana Fourth Circuit Court of Appeal granted the writ in part and ordered the trial court to send the petitioner a copy of his multiple offender bill of information filed on June 9, 1992, within sixty days of the order. All remaining requests were denied.[20]

Petitioner's request for federal *habeas corpus* relief was filed on December 27, 1999.[21] In support of his application, the petitioner claims that:

> 1. The state courts erred in failing to provide him with a copy of the sentencing transcript of June 25, 1992; a copy of the multiple bill hearing transcript of July 22, 1992; a copy of the multiple bill hearing transcript of August 4, 1992; a copy of the guilty plea transcript from case number 338-884"H.";

---

[17] State Rec., Vol. I., Minute entry 3/15/99, filed as attachment to Louisiana Supreme Court writ 99-KH-1129.

[18] State Rec. Vol. I.

[19] State ex rel. Martin v. State, 750 So.2d 177 (La. 1999).

[20] State v. Martin, 99-0538, slip op. (La. App. 4th Cir. 1999); State Supp. Rec., Vol. I.

[21] Rec. Doc. 1. Petitioner's application is dated December 27, 1999. The date on the application represents the earliest date that petitioner could have presented his application for federal *habeas* relief to prison officials for mailing to this Court and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. See Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995)(citing Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)).

2. The prosecution falsified the record by stating that a multiple offender bill of information was filed on June 9, 1992;

3. The trial court imposed an illegal sentence when it failed to state the number of years for which parole was denied;

4. The trial court failed to inform the petitioner of his rights prior to his pleading not guilty to the multiple offender bill of information;

5. The trial court erred in finding petitioner to be a fourth felony offender as the transcript of the 1989 guilty plea was not properly reviewed by the court; and,

6. Petitioner was denied effective assistance of counsel when trial counsel failed to object to or review the transcript of the 1989 guilty plea.

The state argues that this Court should not address the merits of petitioner's claim because his application for writ of *habeas corpus* is untimely as it was not filed in accordance with the requirements of 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), P.L. 104-132, 110 Stat. 1220. Generally speaking, the AEDPA requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence became final.[22] With respect to prisoners such as Martin whose conviction and sentence

---

[22] Section 2244(d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially

5

became final prior to the enactment of the AEDPA, the Fifth Circuit has held that a one-year grace period applies and petitions may be considered timely if filed no later than April 24, 1997. Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998); see also United States v. Flores, 135 F.3d 1000 (5th Cir. 1998)(applying one-year grace period to actions filed pursuant to 28 U.S.C. § 2255). In addition, the AEDPA's one-year statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. See Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244 (d)(2). "'[A] properly filed application' is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)(quoting Lovasz v. Vaughn, 134 F.3d 146, 148 (3rd Cir. 1998)); Smith v. Ward, 209 F.3d 383 (5th Cir. 2000).

On April 7, 1998, nearly one year after the AEDPA grace period expired, petitioner's only application for post-conviction relief, the motion to correct an illegal sentence, was filed in the trial court.[23] Petitioner's federal *habeas corpus* application was not filed until December 27, 1999,

---

recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims is presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

[23] "Because [a motion for production] is preliminary in nature and does not directly call into question the validity of a defendant's conviction or sentence, the Court does not believe that it qualifies as an '...application for State post-conviction or other collateral review with respect to

6

which is well after the one (1) year grace period permitted by the AEDPA. Since it was filed beyond the limitation period, the application did not toll the AEDPA statute of limitations. Therefore, this Court finds petitioner's federal *habeas corpus* application to have been untimely filed.

The Fifth Circuit has held that the AEDPA one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, __ U.S. __, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); Phillips v. Donnelly, ___ F.3d ___, 2000 WL 797245, *2 (5th Cir. July 10, 2000). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted), cert. denied, __ U.S. __, 120 S.Ct. 1564, 146 L.Ed.2d. 467 (2000). This Court knows of no reason which would support equitable tolling of the statue of limitations in this case.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition of Marvin Martin for *habeas corpus* relief be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

---

the pertinent judgment or claim...' so as to suspend the running of the one-year statute of limitations under §2244(d)(2)." Brisbon v. Cain, 2000 WL 45872, at *2 (E.D. La. Jan. 18, 2000) (Chasez, M.J.) (report and recommendation adopted by District Court by order dated February 17, 2000); See also La. C.Cr.P. art. 924.

the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 24 day of July, 2000.

```
_____
SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE
```